■ GLENS FALLS INSURANCE COMPANY, in Behalf of Itself and in Behalf of All Other Persons Entitled to Share in the Funds Received or to be Received by Schwab Bros. Trucking, Inc., Subcontractor, from Depew Paving Co., Inc., Respondent, v. SCHWAB BROS. TRUCKING, INC., et al., Defendants, and NATHAN BENDERSON, Individually and Doing Business as BISON FACTORS Co., Appellant.— Order unanimously reversed, without costs and motion granted. Memorandum: This action is brought under article 3-A of the Lien Law to have defendant Benderson declared trustee of the proceeds of a subcontract which he received from defendant Schwab in repayment of advances made by him to Schwab. Plaintiff had issued performance and payment bonds covering the work under the subcontract, has paid certain claims of materialmen and sues on its own behalf and on behalf of all other job creditors. On an earlier motion by plaintiff for summary judgment which resulted in a partial summary judgment being granted which was affirmed by this court without opinion (27 A D 2d 802) defendant alleged by answering affidavit substantially the same matters now sought to be alleged by way of affirmative defenses. The two issues presented on this appeal are whether the defenses of actual notice as opposed to a notice of lending, and equitable estoppel are sufficient under article 3-A and whether the order for partial summary judgment has determined the sufficiency of the defenses now sought to be alleged. It appears clear that the only issue determined by the order granting summary judgment was that plaintiff was entitled to have a trust under article 3-A established. The memorandum and order expressly reserve for a future hearing and determination the issues in the class action having to do with participation of the various job creditors in the trust fund. Because the defenses asserted were applicable only as against Glens Falls they could not be regarded as grounds for the dismissal of the action to the prejudice of the remaining members of the class for whose benefit the action was brought. The fact that the defenses would be unavailing to defeat the trust declared in the summary judgment does not mean they may not defeat the claims of Glens Falls as an individual creditor and as those claims are now asserted against the trust fund. Since it would appear the defenses if proven would be sufficient to prevent plaintiffs sharing in the trust fund defendant Benderson should be given an opportunity to plead them. (Appeal from order of Erie Special Term denying motion to serve amended answer in action under article 3-A of the Lien Law.) Present— Goldman, J. P., Del Vecchio, Marsh, Witmer and Henry, JJ.

■ WASHINGTON FILLMORE IRON WORKS INC., Appellant, v. KLEMP CORPORATION, Respondent.— Order unanimously reversed, with costs and motion denied. Memorandum: In treating this motion to dismiss as a motion for summary judgment, as required by CPLR 3211 (subd. [c]) we conclude that the affidavit by defendant's attorney Pearlman, which provided the only basis for the court's determination as to what part of the obligations sued on had been discharged by the article XI arrangement and what obligation arose after the arrangement, is without probative value. It does not appear that the affiant had personal knowledge of the date when the obligations alleged to have been discharged were incurred. (*Fauci* v. *Milano,* 15 A D 2d 939, affd. 12 N Y 2d 926; *Cohen* v. *Pannia,* 7 A D 2d 886.) (Appeal from order of Erie Special Term granting motion to partially dismiss complaint.) Present— Bastow, J. P., Del Vecchio, Marsh, Witmer and Henry, JJ.